UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VERONICA EVANGELISTA, | CASE NO. 2:26-cv-01006-DGE |
| Petitioner, | ORDER TO SHOW CAUSE RE PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 6) |
| v. | |
| ICE FIELD OFFICE DIRECTOR, | |
| Respondent. | |

Before the Court is Petitioner's amended petition for writ of habeas corpus.  (Dkt. No. 6.)

On April 6, 2026, this Court struck Petitioner's original petition for writ of habeas corpus because (1) it was deficient under Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules")[1] because it did not identify any facts specific to her case and used a form habeas petition

---

[1] Available at: https://www.uscourts.gov/file/27805/download (last accessed April 20, 2026). The Habeas Rules also apply to § 2241 petitions.  *See* Rule 1(b) (permitting application of the Habeas Rules to other habeas corpus petitions at the Court's discretion).

ORDER TO SHOW CAUSE RE PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 6) - 1

and (2) because Petitioner failed to name her custodian as a Respondent.  (Dkt. No. 5.) Petitioner submitted her amended petition on April 17, 2026.[2]  (Dkt. No. 6.)

Rule 4 directs the Court to dismiss a habeas petition before the respondent is ordered to file a response if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Dismissal under Rule 4 "is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,' 'palpably' incredible,' or 'patently frivolous or false.'"  *Neiss v. Bludworth*, 114 F.4th 1038, 1040 (9th Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).  "A petition may not be cognizable, for example, where the petitioner fails to allege a federal claim . . . or when no claim for relief is stated[.]"  *Id.* at 1045 (internal citations and quotations omitted).

A habeas petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.  Habeas Rule 2(c).

As with Petitioner's original petition for writ of habeas corpus, the amended habeas petition is deficient because it uses a form petition and because it does not include any information specific to Petitioner's case.  Petitioner identifies (1) she has been detained since February 24, 2026; and (2) she has been charged removable for "Transporting [illegal] Aliens."

---

[2] Petitioner named Bruce Scott as a Respondent in her amended petition and identified she is currently detained at the Northwest ICE Processing Center in Tacoma, Washington.  (*See* Dkt. No. 6 at 1.)  The Court therefore has jurisdiction to review the amended petition on the merits. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("habeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition[]"; the district court lacks jurisdiction if the petitioner fails to properly name their custodian).

ORDER TO SHOW CAUSE RE PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 6) - 2

(Dkt. No. 6 at 1.)  The remainder of the habeas petition is a plug-and-play form petition that includes legal standards with no apparent bearing on Petitioner's case.  (*See id.* at 2–6.) Petitioner has already been informed that this type of form petition does not provide the Court with sufficient information to evaluate her claim.  (*See* Dkt. No. 5.)  Further, Petitioner still does not identify which cause of action she is alleging, and for which conduct.  (*See* Dkt. No. 6.) Because Petitioner's petition includes no facts to support a cause of action, her petition is not cognizable.  *Neiss*, 114 F.4th at 1045 (citation and quotation omitted); Habeas Rule 2(c).

Accordingly, pursuant to the Habeas Rules, the Court STRIKES Petitioner's amended petition (Dkt. No. 6) and directs her to file a new amended petition that addresses the deficiencies identified above no later than **May 18, 2026**.  Petitioner's amended petition must clearly identify the facts supporting each cause of action in her petition.  Petitioner may use the Court's template petition for writ of habeas corpus under 28 U.S.C. § 2241 as a guide.  If Petitioner fails to file an amended petition or adequately address the issues identified herein by the required deadline, the Court may dismiss this action without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address and is further directed to send Petitioner a copy of the Court's "Petition for a writ of habeas corpus under 28 U.S.C. § 2241 – Immigration Cases Information Sheet."

The Clerk is directed to calendar this event.

Dated this 20th day of April 2026.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE RE PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS
(DKT. NO. 6) - 4